STATE EX REL. WATKINS *v.* MURRAY, JUDGE
OF THE LAKE CRIMINAL COURT

[No. 28,669.  Filed April 29, 1950.]

*William Watkins, pro se,* for relator.

STARR, J.—This is an original action seeking a writ mandating the Judge of the Lake Criminal Court to grant a hearing upon a motion to modify a judgment. The said motion is brought before us by relator's petition. It was presented by the relator on the 30th day of January, 1950, in a cause entitled "State of Indiana v. William Watkins" which is cause No. 17508 in said

Lake Criminal Court. Said motion is in writing and discloses that the relator was the defendant in the said cause and that on June 2, 1939, he was convicted therein of the crime of second degree burglary and was found to be an habitual criminal as defined by § 9-2207, Burns' 1942 Replacement, upon which conviction, judgment and sentence was rendered against said relator as provided by law. Said motion is based on the ground that the two previous convictions for a felony upon which the state relies to establish the relator's status as an habitual criminal were each void for the reason that in each of said cases he was denied due process of law in that he was denied the right to representation by counsel, and that due to said facts that portion of the judgment rendered on June 2, 1939, sentencing him to life imprisonment should be set aside. Relator's motion further states that at the time he was tried and sentenced in said cause No. 17508 he did not present the claim that his constitutional rights had been violated in either of the two prior convictions and that he does not now by this motion attack that portion of the finding and judgment convicting and sentencing him for the crime of second degree burglary.

> The trial court was without jurisdiction to entertain this motion at the time it was filed. *State ex rel. Taylor* v. *Reeves, Special Judge* (1943), 221 Ind. 11, 46 N. E. 2d 199.

This is not a case where relator challenges the process leading up to the sentence as an habitual criminal. The facts alleged in said motion if taken as true could not be the basis for challenging said judgment under any kind of proceedings. This motion shows upon its face that the relator at the time he was charged with the crime for which he is now serving

his sentence had full opportunity to contest whatever infirmity he may have claimed in the earlier sentences, and having failed so to do he cannot now question this sentence and the same must stand. *Grayes* v. *State of New York* (1947), 332 U. S. 145, 67 S. Ct. 1711, 91 L. Ed. 1962. In the case last cited the petitioner suffered a conviction under the laws of the State of New York for a second offense. In seeking to vacate the same he claimed that he was sentenced as a second offender by the inclusion of a void sentence on a prior conviction. This prior conviction was not assailed by him when he was convicted as a second offender. The court, in affirming the judgment denying the relief asked, said the petitioner by a "flank" attack could not attack the prior sentence as that should have been assailed when it was included in the sentence as a second offender.

It is not necessary for us to determine in what manner the relator might in said cause No. 17508 have availed himself of the opportunity to question the validity of either of the two prior convictions, but see the case last above cited.

Said respondent was within his rights in refusing to hear the said motion. The trial court, having no jurisdiction to modify this judgment will not be compelled to hear this motion. See *Bevington* v. *Baker, Judge* (1943), 222 Ind. 24, 51 N. E. 2d 635.

Petition for mandate denied.

NOTE.—Reported in 91 N. E. 2d 845.