## COOK *v.* STATE OF INDIANA.

[No. 29,719. Filed December 10, 1959.]

*Robert S. Baker,* Public Defender, and *Thomas A. Hoadley,* Deputy Public Defender, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Assistant Attorneys General, for appellee.

LANDIS, J.—In the Howard Circuit Court appellant filed petition to correct an allegedly erroneous judgment which he states was rendered against him in 1950 growing out of his conviction of second degree murder and manslaughter. Appellant's petition was filed pursuant to Rule 2-40B of this Court.[1]

From appellant's petition it appears appellant was charged by indictment in three counts with the crimes of first degree murder, second degree murder and manslaughter. After a jury trial appellant was acquitted of first degree murder but convicted of second degree murder and manslaughter. He was sentenced to life imprisonment for second degree murder and to 2-21 years for manslaughter.

Appellant contends that the verdicts of guilty for second degree murder and manslaughter are inconsistent as murder requires malice whereas manslaughter does not, and therefore the judgment of the court sentencing appellant to life imprisonment for second degree murder was void ab initio.

Appellee (The State) argues against the validity of appellant's foregoing contention but further points out that appellant in 1954, four years after his conviction, filed a coram nobis petition in the Howard Circuit Court raising the same question as to the validity of the second degree murder and manslaughter convictions which he is attempting to raise here. In that pro-

---

1. Rule 2-40B provides: "Whenever it shall appear from the indictment or affidavit and final judgment in any criminal cause that an erroneous sentence has been imposed by the trial court, the defendant in such cause may at any time petition the trial court to correct retroactively such judgment to conform to the term of imprisonment specified in the applicable statute upon proper notice (by serving a copy of the petition in person or by mail) upon the Prosecuting Attorney of the circuit and the Attorney General of Indiana. An appeal may be taken to the Supreme Court from a final order granting or denying said petition under the same rules and conditions as provided in Rules 2-40 and 2-40A of this Court. Effective November 16, 1954."

ceeding the lower court set aside the manslaughter judgment but allowed the second degree murder judgment to stand. No appeal was taken from that ruling of the court so that at this time only one judgment of the Howard Circuit Court is in force.

We are therefore of the opinion, as urged by the State, that any question as to the inconsistency of the two judgments of conviction for second degree murder and manslaughter is now purely hypothetical and moot, and that appellant has presented no valid contention indicating the lower court to have been in error in denying him relief under his petition filed under Rule 2-40B of this Court.

. Judgment affirmed.

Arterburn, C. J., and Jackson and Bobbitt, JJ., concur.

Achor, J., dissents with opinion.

### DISSENTING OPINION

ACHOR, J.—In this case we are presented with two propositions of law. The first involves the effect of the original order of the court. In that decree the court found the defendant guilty on one count of second-degree murder, and a second count of manslaughter. The decree provided that the penalty run concurrently.

In the crime of second-degree murder, it is specifically provided that the act of killing be with malice. The act provides in part, "Whoever, purposely and *maliciously,* but without premeditation, kills any human being, is guilty of murder in the second degree, . . ." (Our italics.) Section 10-3404, Burns' 1956 Repl. (Acts 1905, ch. 169, §350, p. 584.) The statute which defines the offense of manslaughter specifically provides that

the killing act be *"without malice."* Section 10-3405, (Acts 1941, ch. 148, §2, p. 447).

It seems clear to me that the offenses are mutually incompatible and cannot exist concurrently, and that the court having specifically found that the homicide was committed *without malice,* the defendant could not also be sentenced for a crime in which malice was a necessary element. Under such circumstances where the conviction of one offense must of necessity yield to the other, the law must apply that penalty which is most favorable to the accused.

I am aware that it is the general rule that in event a defendant is erroneously found guilty of several offenses, it is generally considered that he is convicted of the greater offense. However, examination of these cases discloses that the lesser offenses involved are included in the greater offense and such lesser offenses do not, by the express terms of the statute, exclude or negative some element in the lesser offense which must be present in the greater offense. Although the decisions which support the general rule are supported by reason under the facts therein presented, those decisions do not provide precedent which is controlling of the different circumstance with which we are here concerned.

The second proposition with which we are here confronted is that a proceedings in "Error Coram Nobis" was had in this case, as a result of which the court modified the decree and found the defendant guilty of the offense of second-degree murder only and sentenced him accordingly. There was no appeal in this action. It is contended by the state that determination of the matter in that proceedings is now binding upon the appellant.

I do not concur in the reasoning of the state upon this issue for two reasons:

In the first place, the court was without jurisdiction to modify the decree as he purported to do. The judgment in this case was entered on December 15, 1950. The proceedings in "Error Coram Nobis," which, in fact, was a proceedings to modify the judgment, was filed on January 18, 1954, and the judgment in that proceedings was entered on January 19, 1954. This obviously was during a subsequent term of court.

Confronted with a very similar situation this court, in the case of *State ex rel. Watkins* v. *Murray* (1950), 228 Ind. 277, 278, 91 N. E. 2d 845, stated, "The trial court was without jurisdiction to entertain this motion at the time it was filed. *State ex rel. Taylor* v. *Reeves, Special Judge* (1943), 221 Ind. 11, 46 N. E. 2d 199."

Not until the adoption of Rule 2-40B on November 16, 1954, was a procedure provided for the modification of a judgment alleged to have been erroneously entered. It is under the authority of this rule, which had been adopted since the previous action, that appellant, by the public defender, now brings this action to modify the decree. There was no previous authority for the action.

Secondly, the finding that defendant was guilty of manslaughter, described as killing "without malice," was, in effect, a finding of *not guilty* as to the offense of second-degree murder, in which offense malice is a necessary element. The court could not, by subsequent proceedings in error coram nobis, or otherwise, find the defendant guilty of an offense of which it had previously been determined that he was not guilty. Assuming that the court had jurisdiction to correct the judgment to conform to its finding, it nevertheless had no authority

to take any action other than to impose the penalty provided for manslaughter. Any other action was a nullity.

Under the circumstances here presented, that part of the original decree which purported to convict appellant of the offense of second-degree murder, was void ab initio. This is also true of the decree which the court purported to enter in Error Coram Nobis. No subsequent action on the part of the court could lawfully modify or give validity to the decree and impose a greater penalty upon the accused than that which was lawfully imposed by the original decree.

For these reasons it is my opinion that the judgment should be modified so as to find the defendant guilty of the offense of manslaughter only, and that the penalty be fixed by the court accordingly.

NOTE.—Reported in 162 N. E. 2d 680.